MARJORIE MAVER, PETITIONER-APPELLANT, v. DWELL-ING MANAGERS CO., AND FIDELITY & CASUALTY CO. OF NEW YORK, RESPONDENTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 4, 1960—Decided October 25, 1960.

Before Judges PRICE, GAULKIN and SULLIVAN.

*Mr. Seymour B. Jacobs* argued the cause for petitioner-appellant (*Mr. Jacob L. Balk,* attorney).

*Mr. Isidor Kalisch* argued the cause for respondents-respondents.

The opinion of the court was delivered by

SULLIVAN, J. A. D. This is an appeal by petitioner from a judgment of the County Court reducing the amount of a workmen's compensation award made in the Division. The opinion of the County Court is reported *sub. nom. Maver v. Dwelling Managers Co.,* 59 *N. J. Super.* 576 (*Cty. Ct.* 1960).

Petitioner's husband suffered a fatal heart attack arising out of and in the course of his employment by respondent as an apartment house superintendent. He was survived by petitioner, his widow, as his sole dependent. Decedent also was employed on a 35 hour per week basis as a boilermaker-welder by another employer. There was no claim that this latter employment was causally related to decedent's fatal heart attack.

The proof indicated that decedent and his wife were jointly employed as superintendents of a 42-apartment building in Newark, New Jersey. The wife was on the premises at all times, while decedent attended to whatever superintendent duties were required of him during his spare time and when he was not working at his employment as a boilermaker-welder. For their services as superintendents decedent and his wife were compensated at the rate of $130 per month, plus the use of an apartment valued at $80 a month and gas, electric and telephone service valued at $10 a month, or a total joint compensation of $220 per month.

In determining the rate of compensation to be applied, the Division held that it should be based on "total income loss," and added together decedent's wages from both employments as superintendent and boilermaker-welder and arrived at a total weekly income of $193.60, thereby entitling petitioner to receive death benefits at the maximum rate of $40 per week. The Division did not consider whether decedent's employments were "similar occupations." *Cf.* 2 *Larson, Workmen's Compensation,* § 60.30.

On appeal to the County Court by respondents who challenged the method of computing the award, petitioner

sought to sustain the Division's ruling on the basis of the "similar occupation" rule which is followed by some jurisdictions in workmen's compensation cases and which permits the adding together of an employee's wages from separate but similar types of concurrent employments for the purpose of calculating a compensation award. Petitioner argued the proofs established that decedent's employments as boilermaker-welder and superintendent were similar in type. *Larson, supra; cf. Knight v. Cohen,* 56 *N. J. Super.* 516 (*App. Div.* 1959), affirmed 32 *N. J.* 497 (1960).

The County Court rejected petitioner's contention on two grounds. First, it held that even though decedent attended to some boiler repair work in connection with his superintendent duties, the two employments were essentially dissimilar and "there is no warrant for combining the wages received in the jobs of boilermaker-welder and janitor." Second, the County Court added that even if decedent's employments had been similar types of occupation, the New Jersey Workmen's Compensation Act, *N. J. S. A.* 34:15–37, did not provide for a combining of wages from separate employments. Applying the statutory formula, *N. J. S. A.* 34:15–13, to decedent's wages as building superintendent only, the County Court determined that petitioner was entitled to dependency death benefits at the minimum rate of $10 weekly.

█ A review of the evidence makes it clear that decedent's two employments were dissimilar in type. In the one, he had a specialized craft or trade as boilermaker-welder. In the other, he had miscellaneous duties involving all kinds of minor plumbing, electrical, furnace and other types of repairs. He also took care of burning the garbage and putting out and taking in the barrels. He mopped the hallways, shovelled snow, and put up and removed the window screens. There is no doubt but that the two employments were unrelated as to type of work.

This finding is dispositive of petitioner's claim that the County Court should have based its award on the total of

decedent's wages from his separate employments. In *Knight v. Cohen, supra,* this court held that an employee's earnings from separate but dissimilar types of employments could not be added together for the purpose of computing a compensation award. As in *Knight,* we find it unnecessary to determine whether or not the New Jersey Workmen's Compensation Act, *N. J. S. A.* 34:15–37, provides for the adding together of an employee's wages from separate but similar types of concurrent employments.

The remaining issue is the method of computing decedent's weekly wage for the purpose of fixing the amount of the award. The Division determined, and the County Court apparently agreed, that decedent and his wife were jointly employed as co-superintendents, so that the compensation from such employment should be equally divided between them. The total compensation for such employment amounted to $220 per month or $2,640 a year. Decedent's actual weekly wage, therefore, was $25.38, and it was apparently based on this figure that the County Court determined that the statutory minimum rate of $10 per week applied. *N. J. S. A.* 34:15–13.

Petitioner suggests that decedent in fact was the superintendent and that his wife performed only minimal or nominal duties, so that the entire compensation for such employment was earned by decedent, thereby giving him a weekly wage of $50.76. This argument, however, is at odds with the facts of the case, since the evidence is that the wife attended to numerous and substantial duties in and about the apartment building. The Division found that decedent and his wife were co-superintendents and apportioned the compensation equally between them. This was fair and reasonable under the circumstances. Had the wife suffered an injury arising out of and in the course of her duties she certainly could have sustained an employee status.

Petitioner also argues that the method of computing the weekly wage outlined by the Supreme Court in *Knight v.*

*Cohen, supra,* should be applied to the present case. In *Knight* the petitioner, who was regularly employed as a truck driver for a lumber company, was injured while working in his spare time as a grass cutter for another employer. He also performed other household and gardening chores for the latter employer, all on a part-time basis. It was held therein that petitioner's salary as truck driver could not be added to his part-time wages for the purpose of computing the compensation award, but that petitioner's total compensation for the part-time work and the number of hours actually worked therein should be determined to the end that the total payments to petitioner by the part-time employer could be reduced to an hourly rate. After such determination had been made, the Supreme Court directed that petitioner's weekly wage, on which his compensation award was to be based, be computed by applying the formula set forth in *Engelbretson v. American Stores,* 49 *N. J. Super.* 19 (*App. Div.* 1957), affirmed 26 *N. J.* 106 (1958).

In *Engelbretson* the employee worked part-time on an hourly pay rate basis, and was available as and when the employer needed her. In computing her weekly wages for the purpose of making an award, the court held that her hourly wage should be multiplied by the customary number of working hours constituting an ordinary day in the type of work in which she was employed, and the daily wage thus arrived at should then be multiplied by the customary number of days in the work week in that type work, but not less than five. *Cf. N. J. S. A.* 34:15–37.

Petitioner's argument is that the proof shows that decedent, as superintendent, averaged about two hours actual work a day for seven days a week. Petitioner calculates that if the entire compensation for the superintendent's job is used as a basis, decedent's rate of pay would approximate $4 per hour. However, even cutting that figure in half, and then multiplying it by 16 hours, which was the number of hours per day that decedent was at the apartment build-

ing available for superintendent duties, and multiplying the result by seven, the number of days per week that decedent was on the job, petitioner arrives at a weekly wage of $224 for decedent which would entitle petitioner to a maximum compensation rate.

■ This method of computation, however, is not in accordance with the statute, *N. J. S. A.* 34:15-37, or the cases thereunder, and is invalid. In *Engelbretson* the employee was a part-time worker at an hourly rate and paid according to the number of hours she actually worked. In *Knight v. Cohen, supra,* the petitioner, also part-time, was paid according to the work actually performed, so that the Supreme Court held that the payments could be reduced to an hourly rate.

In the present case we have a different situation. Here, the superintendency was a full-time job held jointly by decedent and his wife. The compensation was fixed on a monthly basis irrespective of the number of hours actually worked. As a matter of fact, petitioner argued that a superintendent is on duty at all times that he is on the premises and available, and that decedent could be considered as having worked as superintendent 16 hours a day.

Had the decedent had no other job as boilermaker-welder, and had he been on the apartment building premises 24 hours per day, the compensation still would have been the same. This was not so in *Engelbretson* or *Knight, supra,* both instances of part-time employment with compensation dependent on the number of hours actually worked or work actually performed. The method of computing the weekly wage used in those cases is not applicable to the present situation. Moreover, the statute, *N. J. S. A.* 34:15-13, by providing that the compensation for death shall be not less than $10 per week, recognizes that some awards as computed under the statute would otherwise be less than the minimum amount fixed.

■ In the present case decedent left petitioner as his sole dependent. She is entitled to 35% of his weekly wage

of $25.38 for the statutory period. *N. J. S. A.* 34:15–13. Since this amounts to less than the weekly statutory minimum, the County Court properly held that the award be set at $10 per week for 350 weeks.

The final point criticizes the failure of the County Court to award an attorney's fee to petitioner's counsel on the appeal to the County Court.

*R. R.* 5:2–5(*f*) provides that:

> "The county court may, in its discretion, allow a reasonable attorney's fee to the prevailing party on appeal from an order or determination of the division of workmen's compensation for his services in the county court, * * *."

The argument is made that petitioner was the prevailing party because she sustained the award on the merits, even though the County Court reduced the amount thereof.

Petitioner's contention is that the notice of appeal to the County Court filed by the employer stated that it was from the whole of the judgment entered in the Division and that petitioner therefore had to have counsel ready and available to meet any arguments raised on the appeal.

The fact is that on the appeal to the County Court the employer did not question the compensability of decedent's death and only challenged the method of computing the award used by the Division. This was the only issue submitted to the County Court for decision. On this issue petitioner was not the prevailing party and the County Court properly made no allowance to her attorney.

Affirmed.